1
2
3
4

5          UNITED STATES DISTRICT COURT

6          EASTERN DISTRICT OF WASHINGTON

7   UNITED STATES OF AMERICA,

                                              NO.  2:16-CR-0183-TOR
8                      Plaintiff,                    2:16-CR-0215-TOR

9        v.                                    ORDER DENYING DEFENDANT'S
                                              MOTION TO REDUCE SENTENCE
10  JORGE AYALA MAGANA,

11                     Defendant.

12       BEFORE THE COURT are Defendant's Motions for Compassionate

13  Release Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A).  ECF Nos.

14  30, 42, in the listed files respectively.  The Government has submitted its

15  opposition.  ECF Nos. 31, 43, respectively.  The Court has reviewed the record and

16  files herein, and is fully informed.

17                          **BACKGROUND**

18       On April 13, 2017, Jorge Ayala Magana appeared before the Court and

19  entered a plea of guilty to the Indictment filed on December 20, 2016, charging

20  him with Possession with the Intent to Distribute 50 Grams or More of Actual

1   Methamphetamine, in violation of 21 U.S.C. § 841(a)(1); Possession with the

2   Intent to Distribute 100 Grams or More of a Mixture and Substance Containing a

3   Detectable Amount of Heroin, in violation of 21 U.S.C. § 841(a)(1); and

4   Possession with the Intent to Distribute a Mixture and Substance Containing a

5   Detectable Amount of Cocaine, in violation of 21 U.S.C. § 841(a)(1).  ECF Nos.

6   24, 26 (case # 2:16-CR-0215-TOR).  On October 12, 2017, this Court sentenced

7   Defendant to, inter alia, a 180-month term of imprisonment, followed by a 6-year

8   term of supervised release.  ECF No. 38.

9        Additionally, on October 12, 2017, Defendant admitted violation of his

10  supervised release arising from a prior conviction in the District of Montana.

11  Defendant admitted possession of methamphetamine, heroin and cocaine on

12  December 3, 2016, the basis for the new charges in the Eastern District of

13  Washington.  ECF Nos. 9, 28 (case # 2:16-CR-0183-TOR).  Defendant's

14  supervised release was revoked and he was sentenced to a 60-month term of

15  imprisonment, 36 months concurrent and 24 months consecutive to the term of

16  imprisonment imposed in case number 2:16-CR-0215-TOR.  *Id*.  Defendant was

17  remanded to the custody of the U.S. Marshal for service of his sentences.  His

18  projected release date is now May 31, 2031.  ECF Nos. 31 at 2, 43 at 2,

19  respectively.

20

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 2

1  Defendant sought compassionate release, which was denied on April 21,

2  2020.  ECF Nos. 30-3, 42-3, respectively.  The Government concedes Defendant

3  has exhausted his administrative remedies.  ECF Nos. 31 at 5, 43 at 5, respectively.

4  On June 23, 2020, Defendant filed the instant motions in both cases seeking

5  compassionate release.  ECF Nos. 30, 42, respectively.  Defendant seeks to be

6  released because if he catches COVID-19, his chances of surviving are slim to

7  none.  ECF Nos. 30 at 3, 42 at 3, respectively.  He explains that he has high blood

8  pressure, high cholesterol, asthma, obesity, diabetes, and obstructive sleep apnea.

9  *Id*. at 3-4.

10  **DISCUSSION**

11  **A.  Eligibility for Compassionate Release**

12  Federal courts have the statutory authority to modify an imposed term of

13  imprisonment for two reasons: compassionate release under 18 U.S.C. § 3582(c)(1)

14  or based on a change in the sentencing guidelines under 18 U.S.C. § 3582(c)(2).

15  Until recently, motions for compassionate release could only be brought to the

16  Court by the Director of the Bureau of Prisons.  18 U.S.C. § 3582(c)(1)(A) (2002).

17  However, after the December 2018 passage of the First Step Act, defendants may

18  now bring their own motions for compassionate release after exhausting

19  administrative remedies within the Bureau of Prisons or by waiting 30 days after

20  receipt of their request by the warden of defendant's facility, whichever is earlier.

1    18 U.S.C. § 3582(c)(1)(A) (2018).

2         A defendant may be eligible for compassionate release: (1) if the Court finds

3    "extraordinary or compelling reasons" to warrant a sentence reduction; or (2) if the

4    defendant is at least 70 years old, has served at least 30 years in prison pursuant to

5    a sentence imposed for the offense for which the defendant is currently imprisoned,

6    and the defendant is determined not to pose a risk of danger to the community.  18

7    U.S.C. § 3582(c)(1)(A).  Under either eligibility prong, the Court must also find

8    that a sentence reduction is "consistent with applicable policy statements issued by

9    the [United States] Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The

10    Sentencing Guidelines instruct that the Court should consider the sentencing

11    factors set forth in 18 U.S.C. § 3553 when deciding a motion for compassionate

12    release, and that the Court should not grant a sentence reduction if the defendant

13    poses a risk of danger to the community, as defined in the Bail Reform Act.

14    U.S.S.G. § 1B1.13.

15         The Sentencing Commission's policy statement on sentence reduction

16    mirrors the language of the compassionate release statute, but it has not yet been

17    updated to reflect the procedural changes implemented by the First Step Act.

18    U.S.S.G. § 1B1.13.  "While that particular policy statement has not yet been

19    updated to reflect that defendants (and not just the [Bureau of Prisons ("BOP")])

20    may move for compassionate release, courts have universally turned to U.S.S.G.

1    § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that

2    may warrant a sentence reduction." *United States v. McGraw*, No. 2:02-cr-00018-

3    LJM-CMM, 2019 WL 2059488, at *2 (S.D. Ind. May 9, 2019) (gathering cases).

4    The sentence reduction policy statement outlines four categories of circumstances

5    that may constitute "extraordinary and compelling reasons" for a sentence

6    reduction: (1) the defendant suffers from a medical condition that is terminal or

7    substantially diminishes the defendant's ability to provide self-care in a

8    correctional environment; (2) the defendant is at least 65 years old, is experiencing

9    a serious deterioration in health due to the aging process, and has served at least 10

10   years or 75% of his or her term of imprisonment; (3) family circumstances

11   involving the death or incapacitation of the caregiver of the defendant's minor

12   child or the incapacitation of the defendant's spouse or registered partner; or (4)

13   other reasons, other than or in combination with the other listed circumstances, that

14   are extraordinary and compelling.  U.S.S.G. § 1B1.13, Application Note 1.

15   Defendant's motion will be analyzed under the catch-all provision, "other reasons"

16   that are "extraordinary and compelling."

17   **B. Exhaustion or Lapse of 30 days**

18        A warden denied Defendant's compassionate release request on April 21,

19   2020.  ECF Nos. 30-3, 42-3, respectively.  The Government concedes Defendant

20

1  has exhausted his administrative remedies.  ECF Nos. 31 at 5, 43 at 5, respectively.

2  Accordingly, the Court finds Defendant has exhausted his administrative remedies.

3  **C. Extraordinary and Compelling Reasons**

4       Defendant contends that his medical condition presents an extraordinary and

5  compelling reason to justify a reduction in sentence.  Defendant, age 43, argues

6  that his medical condition, high blood pressure, high cholesterol, asthma, obesity,

7  diabetes, and obstructive sleep apnea, make his chances of surviving slim to none.

8  ECF Nos. 30 at 3-4, 42 at 3-4, respectively.  Whether Defendant is housed in

9  prison or released, the virus continues to spread throughout society.  Just because

10 he fears an infection does not warrant immediate release.  In this case, there are no

11 extraordinary and compelling reasons for a reduction in sentence.

12 D. **Factors under 18 U.S.C. § 3553(a)**

13      18 U.S.C. § 3582(c) and the Sentencing Guidelines instruct that the Court

14 should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when

15 deciding a motion for compassionate release.

16      At the time of the original sentencing, the Court fully considered those

17 factors and imposed a sentence that was sufficient but not greater than necessary to

18 comply with and fulfill the goals of sentencing.  Once again, the Court has fully

19 considered these factors in light of the developments since sentencing.  Of

20 particular note is that the criminal conduct here was not a one time event, but was

1  repeated conduct of drug trafficking of multiple substances, including cocaine,

2  heroin and methamphetamine.  Significantly, while Defendant was on supervised

3  release from the District of Montana, he was arrested again for possession with

4  intent to deliver a controlled substance.

5      The sentence the Court imposed was "sufficient, but not greater than

6  necessary," to comply with the purposes of § 3553(a), including to reflect the

7  seriousness of the offense, to promote respect for the law, to provide just

8  punishment for the offense and to afford adequate deterrence to this criminal

9  conduct.  The sentence imposed remains sufficient but not greater than necessary

10  to comply with the purposes of sentencing.

11      E. **Danger to any Person and the Community under 18 U.S.C. § 3142(g)**

12      By seeking release, Defendant implies that he poses no danger to the

13  community.  While Defendant's underlying crime is not categorized as a violent

14  crime, it is a serious drug trafficking offense that carries with it a rebuttable

15  presumption of detention and demonstrates the risk he presents to the safety of the

16  community.  At this time, the Court finds Defendant continues to pose a risk to the

17  community if he were released.

18      **CONCLUSION**

19      Although Defendant's health condition is unfortunate, the Court declines to

20  exercise its discretion to reduce Defendant's sentence because extraordinary and

compelling reasons do not warrant such a reduction.  Moreover, Defendant has

failed to establish "extraordinary or compelling reasons" which would warrant a

sentence reduction in his case.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motions for Compassionate Release Reduction in Sentence

Pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF Nos. 30, 42, respectively, are

**DENIED**.

The District Court Executive is directed to enter this Order and furnish

copies to the parties.

**DATED** July 7, 2020.



THOMAS O. RICE
Chief United States District Judge

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 8