FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 05, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JORGE AYALA MAGANA,<br><br>Defendant. | NO. 2:16-CR-0215-TOR<br><br>ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER |

BEFORE THE COURT is Defendant's Motion to Reconsider 07/07/20 Order. ECF No. 45. The Court has reviewed the record and files herein and is fully informed.

## BACKGROUND

On April 13, 2017, Jorge Ayala Magana appeared before the Court and entered a plea of guilty to the Indictment filed on December 20, 2016, charging him with Possession with the Intent to Distribute 50 Grams or More of Actual Methamphetamine, in violation of 21 U.S.C. § 841(a)(1); Possession with the Intent to Distribute 100 Grams or More of a Mixture and Substance Containing a

ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER ~ 1

Detectable Amount of Heroin, in violation of 21 U.S.C. § 841(a)(1); and Possession with the Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Cocaine, in violation of 21 U.S.C. § 841(a)(1). ECF Nos. 24, 26 (case # 2:16-CR-0215-TOR). On October 12, 2017, this Court sentenced Defendant to, inter alia, a 180-month term of imprisonment, followed by a 6-year term of supervised release. ECF No. 38.

Additionally, on October 12, 2017, Defendant admitted violation of his supervised release arising from a prior conviction in the District of Montana. Defendant admitted possession of methamphetamine, heroin and cocaine on December 3, 2016, the basis for the new charges in the Eastern District of Washington. ECF Nos. 9, 28 (case # 2:16-CR-0183-TOR). Defendant's supervised release was revoked and he was sentenced to a 60-month term of imprisonment, 36 months concurrent and 24 months consecutive to the term of imprisonment imposed in case number 2:16-CR-0215-TOR. *Id*. Defendant was remanded to the custody of the U.S. Marshal for service of his sentences. His projected release date is now May 31, 2030.

Defendant sought compassionate release, which was denied on April 21, 2020. ECF No. 42-3. On June 23, 2020, Defendant filed motions for compassionate release. ECF No. 42. Defendant then sought to be released because if he catches COVID-19, his chances of surviving are slim to none. ECF

1  No. 42 at 3.  He explained that he has high blood pressure, high cholesterol,
2  asthma, obesity, diabetes, and obstructive sleep apnea.  *Id*. at 3-4.
3       On July 7, 2020, the Court denied Defendant's request for compassionate
4  release.  ECF No. 44.  Now, nearly four years later, Defendant asks for
5  reconsideration, but recites new evidence.  He contends that "nothing has changed
6  since [his] previous motion other than he is currently prescribed Ozempic to lose
7  weight and assist his diabetes treatment."  ECF No. 45 at 2.  Next, Defendant
8  contends that he has rehabilitated and completed certain courses.  *Id*.

## DISCUSSION

### A. Eligibility for Compassionate Release

Federal courts have the statutory authority to modify an imposed term of imprisonment for two reasons: compassionate release under 18 U.S.C. § 3582(c)(1) or based on a change in the sentencing guidelines under 18 U.S.C. § 3582(c)(2). Until recently, motions for compassionate release could only be brought to the Court by the Director of the Bureau of Prisons.  18 U.S.C. § 3582(c)(1)(A) (2002). However, after the December 2018 passage of the First Step Act, defendants may now bring their own motions for compassionate release after exhausting administrative remedies within the Bureau of Prisons or by waiting 30 days after receipt of their request by the warden of defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A) (2018).

A defendant may be eligible for compassionate release: (1) if the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction; or (2) if the defendant is at least 70 years old, has served at least 30 years in prison pursuant to a sentence imposed for the offense for which the defendant is currently imprisoned, and the defendant is determined not to pose a risk of danger to the community. 18 U.S.C. § 3582(c)(1)(A). Under either eligibility prong, the Court must also find that a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The statute and the Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. The Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act. 18 U.S.C. § 3582(c)(1)(A) (as to second prong only); U.S.S.G. § 1B1.13 (as to both the first and second prongs).

The Sentencing Commission has recently updated its policy statement on sentence reduction. U.S.S.G. Guidelines Manual, effective Nov. 1, 2023. The sentence reduction policy statement now outlines six categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction: (1) Medical Circumstances of the Defendant; (2) Age of the Defendant;

(3) Family Circumstances of the Defendant: (4) Victim of Abuse; (5) Other Reasons; and (6) Unusually Long Sentence.  U.S.S.G. § 1B1.13, eff. Nov. 1, 2023.

According to the Ninth Circuit in *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021), "district courts are empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." *Id*. (agreeing with and quoting decisions of Second and Fourth Circuits).

B. **Exhaustion or Lapse of 30 days**

Defendant has not shown that he exhausted his administrative remedies with the Bureau of Prisons.  Accordingly, the Court does not have jurisdiction to proceed with the new evidence Defendant proffers.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motion to Reconsider 07/07/20 Order, ECF No. 45, is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to the parties, including Defendant JORGE AYALA MAGANA, #07539-046, FEDERAL CORRECTIONAL INSTITUTION TUSCON, P.O. BOX 23811, TUCSON, AZ  85734.

DATED March 5, 2024.



THOMAS O. RICE
United States District Judge

ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER ~ 5