FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 17, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | NO. 2:16-CR-0215-TOR |
|---|---|
| Plaintiff, | |
| v. | ORDER DENYING DEFENDANT'S SECOND MOTION TO RECONSIDER |
| JORGE AYALA MAGANA, | |
| Defendant. | |

BEFORE THE COURT is Defendant's Second Motion to Reconsider 07/07/20 Order. ECF No. 47. The Court has reviewed the record and files herein and is fully informed.

## BACKGROUND

On April 13, 2017, Jorge Ayala Magana appeared before the Court and entered a plea of guilty to the Indictment filed on December 20, 2016, charging him with Possession with the Intent to Distribute 50 Grams or More of Actual Methamphetamine, in violation of 21 U.S.C. § 841(a)(1); Possession with the Intent to Distribute 100 Grams or More of a Mixture and Substance Containing a

ORDER DENYING DEFENDANT'S SECOND MOTION TO RECONSIDER ~ 1

1  Detectable Amount of Heroin, in violation of 21 U.S.C. § 841(a)(1); and
2  Possession with the Intent to Distribute a Mixture and Substance Containing a
3  Detectable Amount of Cocaine, in violation of 21 U.S.C. § 841(a)(1).  ECF Nos.
4  24, 26 (case # 2:16-CR-0215-TOR).  On October 12, 2017, this Court sentenced
5  Defendant to, inter alia, a 180-month term of imprisonment, followed by a 6-year
6  term of supervised release.  ECF No. 38.
7       Additionally, on October 12, 2017, Defendant admitted violation of his
8  supervised release arising from a prior conviction in the District of Montana.
9  Defendant admitted possession of methamphetamine, heroin and cocaine on
10 December 3, 2016, the basis for the new charges in the Eastern District of
11 Washington.  ECF Nos. 9, 28 (case # 2:16-CR-0183-TOR).  Defendant's
12 supervised release was revoked and he was sentenced to a 60-month term of
13 imprisonment, 36 months concurrent and 24 months consecutive to the term of
14 imprisonment imposed in case number 2:16-CR-0215-TOR.  *Id*.  Defendant was
15 remanded to the custody of the U.S. Marshal for service of his sentences.  His
16 projected release date is now May 31, 2030.
17      Defendant sought compassionate release, which was denied on April 21,
18 2020.  ECF No. 42-3.  On June 23, 2020, Defendant filed motions for
19 compassionate release.  ECF No. 42.  Defendant then sought to be released
20 because if he catches COVID-19, his chances of surviving are slim to none.  ECF

ORDER DENYING DEFENDANT'S SECOND MOTION TO RECONSIDER ~ 2

No. 42 at 3.  He explained that he has high blood pressure, high cholesterol, asthma, obesity, diabetes, and obstructive sleep apnea.  *Id*. at 3-4.

On July 7, 2020, the Court denied Defendant's request for compassionate release.  ECF No. 44.  Nearly four years later, on March 1, 2024, Defendant sought reconsideration, but recited new evidence.  ECF No. 45.  He contended that "nothing has changed since [his] previous motion other than he is currently prescribed Ozempic to lose weight and assist his diabetes treatment."  ECF No. 45 at 2.  Defendant also contended that he has rehabilitated and completed certain courses.  *Id*.  The Court denied his motion for reconsideration. ECF No. 46.

Now, over three months later, Defendant brings another motion for reconsideration.  ECF No. 47.  He contends that his medical condition remains the same, that he has completed the Gang Disassociation Program, and he has rehabilitated.  *Id*.

## DISCUSSION

### A. Eligibility for Compassionate Release

Federal courts have the statutory authority to modify an imposed term of imprisonment for two reasons: compassionate release under 18 U.S.C. § 3582(c)(1) or based on a change in the sentencing guidelines under 18 U.S.C. § 3582(c)(2).  Until recently, motions for compassionate release could only be brought to the Court by the Director of the Bureau of Prisons.  18 U.S.C. § 3582(c)(1)(A) (2002).

ORDER DENYING DEFENDANT'S SECOND MOTION TO RECONSIDER ~ 3

However, after the December 2018 passage of the First Step Act, defendants may now bring their own motions for compassionate release after exhausting administrative remedies within the Bureau of Prisons or by waiting 30 days after receipt of their request by the warden of defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A) (2018).

A defendant may be eligible for compassionate release: (1) if the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction; or (2) if the defendant is at least 70 years old, has served at least 30 years in prison pursuant to a sentence imposed for the offense for which the defendant is currently imprisoned, and the defendant is determined not to pose a risk of danger to the community. 18 U.S.C. § 3582(c)(1)(A). Under either eligibility prong, the Court must also find that a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The statute and the Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. The Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act. 18 U.S.C. § 3582(c)(1)(A) (as to second prong only); U.S.S.G. § 1B1.13 (as to both the first and second prongs).

ORDER DENYING DEFENDANT'S SECOND MOTION TO RECONSIDER ~ 4

The Sentencing Commission has recently updated its policy statement on sentence reduction. U.S.S.G. Guidelines Manual, effective Nov. 1, 2023. The sentence reduction policy statement now outlines six categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction: (1) Medical Circumstances of the Defendant; (2) Age of the Defendant; (3) Family Circumstances of the Defendant: (4) Victim of Abuse; (5) Other Reasons; and (6) Unusually Long Sentence. U.S.S.G. § 1B1.13, eff. Nov. 1, 2023.

According to the Ninth Circuit in *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021), "district courts are empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." *Id*. (agreeing with and quoting decisions of Second and Fourth Circuits).

**B. Exhaustion or Lapse of 30 days**

Defendant has not shown that he exhausted his administrative remedies with the Bureau of Prisons based on the evidence he recites. Defendant was denied release by the BOP on May 3, 2024. See ECF No. 47-1. Accordingly, the Court does not have jurisdiction to proceed with the new evidence Defendant proffers which was not presented to the BOP.

**C. Defendant's Motion for Reconsideration is Denied**

Even if Defendant had exhausted his administrative remedies, Defendant's claim that he has rehabilitated does not alone support his request for a reduced

ORDER DENYING DEFENDANT'S SECOND MOTION TO RECONSIDER ~ 5

1  sentence.  Successful rehabilitative activities are commendable, but do not alone

2  warrant early release.  28 U.S.C. § 994(t).  Considering the totality of all the facts,

3  compassionate release is unwarranted.  The Court hereby incorporates its prior

4  Orders and reasoning here.  ECF Nos. 44 and 46.

5  **ACCORDINGLY, IT IS HEREBY ORDERED:**

6      Defendant's Second Motion to Reconsider 07/07/20 Order, ECF No. 47, is

7  **DENIED**.

8      The District Court Executive is directed to enter this Order and furnish

9  copies to the parties, including Defendant JORGE AYALA MAGANA, #07539-

10  046, FEDERAL CORRECTIONAL INSTITUTION TUSCON, P.O. BOX 23811,

11  TUCSON, AZ  85734.

12      **DATED** June 17, 2024.



              THOMAS O. RICE
          United States District Judge

ORDER DENYING DEFENDANT'S SECOND MOTION TO RECONSIDER ~ 6